## S. Mayo v. William G. Frye Manufacturing Company.

1. CONTINUANCE—*when denial of, proper.* The denial of an application for a continuance based upon the sickness of the defendant is proper where the affidavit therefor did not show by facts set up that his presence at the trial, to aid his counsel, was necessary or that his testimony was material.

Action of assumpsit. Appeal from the Circuit Court of St. Clair County; the Hon. R. D. W. HOLDER. Judge, presiding. Heard in this court at the August term, 1905. Affirmed. Opinion filed March 22, 1906.

JOHN L. FLANNIGEN and VICTOR KOERNER, for appellant.

EDWARD C. CROW and A. H. BAER, for appellee.

MR. PRESIDING JUSTICE MYERS delivered the opinion of the court.

This is an action of assumpsit brought by the plaintiff, appellee, against the defendant, appellant, on an account for goods sold, such as lumber, doors, sashes, mill work, and the like, and delivered at different times and as ordered. The declaration is in common form with bill of particulars and issue joined by a plea of general issue. Trial by jury, and verdict and judgment for the plaintiff. The case was on the trial calendar in the lower court for May 29, 1905, and on that day appellant filed his motion for a continuance, which was denied. When the case was reached in due course and called for trial, May 31, 1905, appellant renewed his motion for continuance and filed other or amended affidavits in support of the motion. The court again overruled the motion and refused to grant the continuance.

The only point urged by appellant for reversal of the judgment is the refusal of the court to grant a continuance. We will not discuss the court's action on the first motion, but allow to appellant the benefit of the better showing made on the last motion. It was within the court's discretion to consider a second motion, and, having done so, it is not held as matter affecting appellant's contention in this appeal. As a ground for continuance in this case it was set up in the affidavit, accompanied by a doctor's certificate, that defendant was sick and unable to attend court, that his presence was necessary to consult and advise with counsel in the trial of the case, and that his testimony as a witness was material. Nothing is stated in the affidavit by which the court could determine whether or not his presence at the trial for advice and consultation was necessary. The affiant, defendant's attorney, states his conclusion, but gives no reasons, facts or circumstances relating to the controversy by which to justify his conclusion. It was for the court and not the affiant to say whether defendant's presence was necessary to a fair trial. In the affidavit it is stated that the defendant is needed as a witness, but there was no showing that this expected testimony was the only available evidence of the facts to be proved. For aught that appears in the presentation and argument of this appeal there were other witnesses at the trial by whom the facts could or may have been fully proved. We think the affidavits were insufficient and that the trial court, acting within the discretion allowed in such matters, did not err in overruling the motion for continuance. It may be further observed that this appeal cannot avail, and for reasons other than stated above, the judgment must be affirmed. There is no complaint or showing, by argument or otherwise, that appellant was in any way prejudiced by his absence at the trial. It will therefore be presumed that he had a fair trial, that the verdict was in accordance with the evidence, and that justice has been done. Upon such condition of record this court may not reverse a judgment, whatever the error assigned. To effect

a reversal the error must be prejudicial, that is, such error as may discredit the trial, verdict and judgment. It does not so appear in this case. The judgment will be affirmed.

*Affirmed.*